

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. William W. Allen
County Attorney
Lavaca County
Hallettsville, Texas

Dear Sir:

Opinion No. O-1868
Re: Trial fees - Justices of the
Peace - Article 1052, Code of
Criminal Procedure.

Your request for opinion has been received
and carefully considered by this department. We quote
from your letter of request as follows:

"Please give me your opinion on the
following:

"In a Justice Court in a County where
the precinct officer are on the fee system,
a defendant in a misdemeanor case in Justice
Court pleads guilty, but the fine is not
then collected and the defendant is allowed
to go at large, the Justice of the Peace to
whom the plea of guilty is made does not
issue commitment, and a newly elected Justice
of the Peace in the following year issues com-
mitment and the defendant is placed in jail
and therein lays out his fine and costs of
court. The question here presented is, to
which Justice of the Peace does the County
owe the trial fee of $2.50, the Justice of
the Peace to whom the plea of guilty was made
or to the new Justice of the Peace who issued
the commitment and had the defendant placed
in jail? Would it make any difference if the
first Justice of the Peace had collected a
portion of the fine and costs?

"Art. 1052 of the Code of Criminal Proce-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

dure provides that $2.50 shall be paid by
the county to the Justice of the Peace, for
each criminal action tried and finally dis-
posed of before him. This is the only arti-
cle applicable to this case, and it leaves
the situation of a trial under the first
Justice of the Peace and a final disposition
of the case under the new Justice of the
Peace."

Article 1052, Code of Criminal Procedure of
Texas, reads as follows

"Three Dollars shall be paid by the
county to the County Judge, or Judge of the
Court at Law, and Two Dollars and fifty
cents shall be paid by the county to the
Justice of the Peace, for each criminal
action tried and finally disposed of before
him. Provided, however, that in all coun-
ties having a population of 20,000 or less,
the Justice of the Peace shall receive a
trial fee of Three Dollars. Such Judge or
Justice shall present to the Commissioners'
Court of his county at a regular term there-
of, a written account specifying each crimin-
al action in which he claims such fee, certi-
fied by such Judge or Justice to be correct,
and fied with the County Clerk. The Com-
missioners' Court shall approve such account
for such amount as they find to be correct,
and order a draft to be issued upon the County
Treasurer in favor of such Judge or Justice
for the amount so approved. Provided the
Commissioners' Court shall not pay any account
or trial fees in any case tried and in which
an acquittal is had unless the State of Texas
was represented in the trial of said cause
by the County Attorney, or his assistant,
Criminal District Attorney or his assistant,
and the certificate of said Attorney is attach-
ed to said account certifying to the fact that
said cause was tried, and the State of Texas
was represented, and that in his judgment
there was sufficient evidence in said cause
to demand a trial of same."

Opinion No. O-616 of this department, holds that Article 1052, Code of Criminal Procedure of Texas, as amended, profides that the Justice of the Peace shall receive $2.50 in all counties having a population of 20,000 inhabitants or less for each criminal action tried and finally disposed of before him, such fees to be paid by the county when such claims are filed in compliance with Article 1052, Code of Criminal Procedure, and that it is immaterial whether the defendant who is convicted in such criminal action pays his fine and costs or works his fine and costs out on the county farm, public roads or other public works of the county, or satisfied such fine and costs by staying in jail a sufficient length of time to discharge his fine and costs.

Opinion No. O-1759 of this department holds that the justice of the peace's right to compensation does not depend upon the collection or enforcement of the judgment but rather on the rendition of his final order and that therefore, the county auditor cannot legally withhold the justice's fees on cases that are appealed to county court and pay such fees only upon disposition of the cases by the county court.

We enclose herewith copies of opinions Nos. O-616 and O-1759 of this department.

You are respectfully advised that it is the opinion of this department that under your statement of facts submitted to us, the justice of the peace who took the plea of guilty would be entitled to the trial fee and that it would be immaterial as to whether or not the first justice of the peace had collected a portion of the fine and costs.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          /s/
         Wm. J. Fanning
            Assistant

WJF:AW
ENCLOSURE

APPROVED FEB 23, 1940

/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By B.W.B., Chairman